**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID O. CARROWAY,  :
  :  Civil Action No. 06-614 (JAP)
    Plaintiff,  :
  :
    v.  :  **OPINION**
  :
STATE OF NEW JERSEY, et al.,  :
  :
    Defendants.  :

**APPEARANCES:**

    DAVID O. CARROWAY, Plaintiff <u>pro se</u>
    #234910/892240A
    Morris County Correctional Facility
    43 John Street
    Morristown, New Jersey 08562

**PISANO**, District Judge

    Plaintiff David O. Carroway ("Carroway"), a pretrial detainee currently confined at the Morris County Correctional Facility in Morristown, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff paid the $250.00 filing fee.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  For the reasons

stated below, the Court finds that the Complaint should be dismissed.

## I. BACKGROUND

The following factual allegations are taken from Carroway's Complaint and are accepted as true for purposes of this review.

Carroway alleges that, on November 28, 2005, he appeared in the Superior Court of New Jersey, Union County, with respect to a status conference in criminal proceedings pending against him. Plaintiff's attorney and the prosecutor went in the judge's chambers to discuss plaintiff's status. Carroway claims that his attorney divulged information to the judge and the prosecutor about plaintiff's cooperation with law enforcement in another county regarding a homicide investigation, so as to negotiate a plea. This information was then recited in open court before a packed courtroom. Carroway claims that these actions by the defendants, the Honorable John S. Triarsi, David Hammel, Assistant Prosecutor, and Phillip Nettl, Esq., violated his Sixth Amendment rights regarding attorney-client privilege, and his Fourteenth Amendment right to equal protection and due process. He also states that defendants' conduct violated the rules of ethics governing the practice of law in New Jersey. Carroway claims that these actions have led to plaintiff being harassed, threatened, and assaulted. He continues to live in fear for his life.

Next, on December 5, 2005, Carroway appeared before the Honorable Joseph A. Falcone in the Superior Court of New Jersey, Morris County, on charges of burglary.  Judge Falcone allegedly stated in court that plaintiff's file indicated that he was an informant and was cooperating with law enforcement in another jurisdiction.  The judge further stated that plaintiff was withholding information about a homicide.  These remarks were made in open court in front of correctional officers who had transported plaintiff from jail to the court.  Carroway claims that this information was then leaked to the jail where he was then confined, causing him to live in fear for his life.

Finally, Carroway alleges that both judges set a bail outside the range for the crime charged.  He seeks injunctive relief directing a stay of his state court proceedings.  Carroway also seeks $20 million in damages.

The following persons are named as defendants in the Complaint: Honorable Joseph A. Falcone, J.S.C.; Honorable John S. Triarsi, J.S.C.; Victor R. Jusino, Esq., Assistant Prosecutor; Morris County Prosecutor's Office; David Hammel, Esq., Assistant Prosecutor; Union County Prosecutor's Office; the State of New Jersey; and the Superior Court of New Jersey, Union County and Morris County.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

4

former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).


III.  SECTION 1983 ACTIONS

Carroway states that he is bringing this action under 42 U.S.C. § 1983.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

With respect to the named defendants, the State of New Jersey and the Superior Court of New Jersey, Morris County and Union County, the Court finds that the Complaint should be dismissed as barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989)(neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983). Thus, Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

Furthermore, the Superior Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey, and are thus protected by the Eleventh Amendment. See Johnson v. State of New Jersey, 869 F. Supp. 289, 296-98 (D.N.J. 1994). See also Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1177 (D.N.J. 1996), aff'd, 118 F.3d 1575 (3d Cir. 1997). Therefore, the Complaint will be dismissed in its entirety as against these state defendants, the State of New

Jersey, the Superior Court of New Jersey, Union County, and the Superior Court of New Jersey, Morris County.

The Court next considers the claims asserted against the remaining defendants Judge Falcone, Judge Triarsi, Assistant Prosecutors Jusino and Hammel, and the Morris and Union County Prosecutor's Offices.

IV. ANALYSIS

A. Judicial Immunity

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Id., 502 U.S. at 11 (*citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967). Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their

8

character as judicial actions nor the judge's immunity.  <u>See</u> <u>Forrester v. White</u>, 484 U.S. 219, 227 (1988).

Here, Carroway's allegations against the named judges involve matters occurring with respect to bail, as well as to issues discussed in court during plaintiff's criminal proceedings.  Carroway fails to specify how his right to due process was violated by these defendants.  Indeed, he only claims that statements made during his criminal proceedings, true statements regarding his cooperation as an informant, placed him at risk in jail.  He alleges no actual injury occurring from these remarks during his criminal proceedings, but merely offers conjectures that this information reached other inmates in the jail where he is confined through correctional officers who were in the courtroom.  Based on these allegations, even if true, the Court finds that the Complaint fails to support the necessary assertion that the judges acted beyond the scope of their judicial authority.  Carroway further fails to allege any facts to show that the judges acted in the complete absence of all jurisdiction.  The remarks were made in the course of Carroway's criminal proceedings.  Therefore, Judge Falcone and Judge Triarsi are absolutely immune from liability on the claims asserted by plaintiff in his Complaint.  The Complaint will be dismissed with prejudice accordingly, pursuant to 28 U.S.C. § 1915A(b)(1),(2).

B.  <u>Prosecutorial Immunity</u>

Carroway also asserts that the prosecutor defendants, Victor R. Jusino, Esq, the Morris County Prosecutors's Office, David Hammel, Esq., and the Union County Prosecutor's Office, violated his right to due process and his Sixth Amendment right with respect to attorney-client privilege.  These claims involve actions by state attorneys in prosecuting state criminal proceedings against Carroway.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976).  See also <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1465 (3d Cir. 1992); <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1417 (3d Cir. 1991); <u>Rose v. Bartle</u>, 871 F.2d 331, 345 and n.12 (3d Cir. 1989).  A prosecutor's appearance in court as an advocate in support of the presentation of evidence in a criminal proceeding is protected by absolute immunity.  <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

Prosecutors also are absolutely immune from a civil suit for damages under § 1983 for:  (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, Schrob, 948 F.2d at 1411; Rose v. Bartle, supra; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, Kulwicki, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, Burns, 500 U.S. at 490; Kulwicki, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, Imbler, 424 U.S. at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred."  Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343.  In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges.  Kulwicki, 969 F.2d at 1464.

Here, Carroway essentially alleges that state criminal proceedings are being conducted with prejudice against him, namely by the revelation during these proceedings that he has been cooperative with law enforcement with respect to an investigation of an unrelated matter.  Carroway does not assert

11

specific conduct as against these state attorneys other than a broad and general claim that remarks were made in open court about his cooperation with law enforcement, which may have the potential of reaching the ears of inmates in jail where plaintiff is confined.  There are no allegations that these defendants actually disseminated this information to persons at the jail. Moreover, there is absolutely nothing to show that the defendants were acting outside their official prosecutorial roles.  Thus, these defendants are protected by immunity from a damages lawsuit for conduct during pre-trial and trial proceedings, pursuant to 28 U.S.C. § 1915A(b)(2).

Moreover, any claim that Carroway may be attempting to assert with respect to prosecutorial misconduct during his criminal proceedings must be raised in Carroway' pending criminal proceedings in state court; a federal court generally will not intercede to consider issues that Carroway has an opportunity to raise before the state court.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate

>       absent a showing of bad faith prosecution, harassment,
>       or a patently unconstitutional rule that will cause
>       irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)). Here, Carroway is admittedly a pre-trial detainee in the course of ongoing state criminal proceedings; thus state proceedings implicating important state interests are currently in progress and Carroway has the opportunity to raise his claims in that proceeding. Therefore, this Court is constrained by Younger to dismiss the Complaint against the state prosecutor defendants.

Further, if Carroway is eventually convicted of the alleged charges in his now-pending state criminal trial, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claims of prosecutorial misconduct or denial of due process. Preiser v. Rodriguez, 411 U.S. 475 (1973).[1]

---

[1] Carroway claims that the divulgence of information protected by attorney-client privilege is a violation of his Sixth Amendment rights. The attorney-client privilege operates to protect from disclosure communications from a client to an attorney for the purpose of obtaining legal advice. In this case, plaintiff's assertion of the privilege implicates the governing state law with respect to attorney-client privilege, see N.J.S.A. 2A:84A-20; N.J.R.E. 504, because the attorney-client relationship and the purported disclosure were related to state

Therefore, the Complaint will be dismissed with prejudice in its entirety as against the prosecutor defendants for failure to state a claim and based on prosecutorial immunity.

## V.   CONCLUSION

For all of the reasons set forth above, the Complaint must be dismissed in its entirety as against all defendants, for failure to state a cognizable claim, pursuant to 28 U.S.C. § 1915A(b)(1), and because the defendant judges and the prosecutor defendants are protected by immunity, pursuant to 28 U.S.C. § 1915A(b)(2).  An appropriate Order follows.

                                       s/Joel A. Pisano
                                       JOEL A. PISANO
                                       United States District Judge

Dated:  May 17, 2006

---

criminal proceedings.  However, the claim would not solely implicate state law if the disclosure subverted plaintiff's right to effective assistance of counsel, which is a protected right under the Sixth Amendment.  Nevertheless, the Court finds no violation of a protected right because the fact of Carroway's cooperation with law enforcement in an unrelated homicide is not protected privileged information since it applied to underlying facts that were independently known to law enforcement officials and the prosecutors.  See in re Grand Jury Investigations, 599 F.2d 1224, 1245 (3d Cir. 1979)(attorney-client privilege exclusively protects communications and does not apply to disclosure of underlying facts).  Therefore, this claim is meritless.